1  Adam J Schwartz (SBN 251831)
   ADAM J SCHWARTZ, ATTORNEY AT LAW
2  5670 Wilshire Blvd., Suite 1800
   Los Angeles, CA 90036
3  adam@ajschwartzlaw.com
   (323) 455-4016
4

5  [Additional Counsel Appear on Signature Page]

6  *Attorneys for Plaintiff and the Proposed Class*

7
                    UNITED STATES DISTRICT COURT
8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  JEFFREY KATZ CHIROPRACTIC, INC.,
   individually and on behalf of all others
10 similarly situated,                              NO. 3:20-cv-8911

11              Plaintiff,                          **COMPLAINT FOR DAMAGES AND
                                                    INJUNCTIVE RELIEF**
12      v.
                                                    **DEMAND FOR JURY TRIAL**
13 CANADIAN MEDICAL DIST., INC. d/b/a
14 MEDYKITS.COM                                     **CLASS ACTION**

15              Defendant.

16

17

18

19

20

21

22        Plaintiff Jeffrey Katz Chiropractic, Inc. ("Plaintiff"), by his undersigned counsel, for this

23 class action complaint against Canadian Medical Dist., Inc., and its present, former, or future

24 direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities

25 ("Canadian Medical" or "Defendant"), alleges as follows:

26

27

                                                   1

## I. INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Canadian Medical for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II. PARTIES

2. Plaintiff Jeffrey Katz Chiropractic, Inc. is a corporation located in California, in this District.

3. Defendant Canadian Medical Dist., Inc., is organized under the Canada Business Corporations Act and its principal place of business is in Brantford, Ontario in Canada.

## III. JURISDICTION AND VENUE

4. <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

5. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Canadian Medical because it has submitted to California jurisdiction by sending facsimile messages, and a substantial part of the wrongful acts alleged in this Complaint were committed in California.

6. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

7. <u>County</u>. Assignment to this Division is proper pursuant to Civil L.R. 3-2(c)-(d) because a substantial part of the events or omissions that give rise to Plaintiff's claims occurred in the County of San Francisco.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Among other provisions, the TCPA forbids Junk Faxes – sending unsolicited advertisements for goods and services via facsimile. 47 U.S.C. §227(b)(1)(C).

10. The TCPA requires that even fax advertisements being sent to those who consented to their receipt, or with whom the advertiser had an established business relationship, must include an Opt Out Notice. 47 U.S.C. §227(b)(2)(D).

11. In order to comply with the Opt Out Notice requirements, each Junk Fax must include all of the following:

   a) Clear and conspicuous language on the first page of the advertisement;

   b) That states that facsimile recipients may request that the sender not send any future unsolicited advertisements, and which;

   c) Specifically informs facsimile recipients that the failure to comply with such a request, within the shortest reasonable time as determined by the Commission, is unlawful.

   d) The notice must also include **both** a toll free phone and facsimile number that a recipient may use to submit a request to cease transmitting facsimile advertisements to the recipient.

*See* 47 U.S.C. §227(b)(D); 47 CFR 64.1200(a)(3)(iii-v)

12. Section §227(b)(3) of the TCPA provides a private right of action:

   A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

## V.   FACTUAL ALLEGATIONS

**A.   Factual Allegations Regarding Canadian Medical and their Fax Advertising Campaign**

12. Canadian Medical sends facsimile advertisements to promote its goods and services.

13. It does not have a prior relationship with the company that it sends these advertisements to.

3

### B. Factual Allegations Regarding Plaintiff

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. On August 21, 2020, Canadian Medical sent the Plaintiff a facsimile advertisement.

16. A copy of the fax advertisement is attached as Exhibit 1.

17. The facsimile advertisement gives several indications that it was sent by Canadian Medical directly.

18. First, the fax identifies their website.

19. Second, the fax identifies their e-mail address.

20. The facsimile advertisement also gives an indication that it was sent *en masse*.

21. It is not personalized or addressed to anyone specifically.

22. Plaintiff has never been a customer of Canadian Medical, nor has he ever been interested in being a customer of Canadian Medical.

23. Plaintiff did not provide permission to Canadian Medical to send him the facsimile advertisement.

24. Plaintiff's privacy has been violated by the above-described fax from Canadian Medical. The fax was an annoying, harassing nuisance.

25. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Canadian Medical because their privacy has been violated, they were subjected to annoying and harassing faxes that constituted a nuisance. The faxes also occupied Plaintiff's fax line, rendering it unavailable for legitimate communication.

### VI. CLASS ACTION ALLEGATIONS

26. Class Definition. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of a national class ("Class") defined as follows:

> All persons to whom: (a) Canadian Medical and/or a third party acting on Canadian Medical' behalf sent faxes; (b) promoting Canadian Medical' goods or services; (c) at any time in the period that begins four years before the date of filing this Complaint and ends at the date of trial.

1     27. Numerosity.  The Class is so numerous that joinder of all members is impracticable.
2  On information and belief, and as dictated by the generic nature of the fax content, the Class has
3  more than 100 members.  Moreover, the disposition of the claims of the Class in a single action
4  will provide substantial benefits to all parties and the Court.
5     28. Commonality.  There are numerous questions of law and fact common to Plaintiff and
6  members of the Class.  These common questions of law and fact include, but are not limited to,
7  the following:
8         a.  Whether Canadian Medical and/or its affiliates or agents, and/or other
9  persons or entities acting on Canadian Medical' behalf, violated the 47 U.S.C. §227(b)(1)(C) by
10 sending unsolicited advertisements for goods and services via facsimile;
11        b.  Whether Canadian Medical and/or its affiliates, agents, and/or other
12 persons or entities acting on Canadian Medical's behalf violated the TCPA with the lack of opt-
13 out notice on the faxes;
14        c.  Whether Canadian Medical's conduct was negligent or willful under the
15 TCPA;
16        d.  Whether Canadian Medical and/or its affiliates, agents, and/or other
17 persons or entities acting on Canadian Medical's behalf should be enjoined from violating the
18 TCPA in the future.
19    29. Typicality.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims,
20 like the claims of the Class, arise out of the same common course of conduct by Canadian
21 Medical and are based on the same legal and remedial theories.
22    30. Adequacy.  Plaintiff will fairly and adequately protect the interests of the Class.
23 Plaintiff has retained competent and capable attorneys with significant experience in complex
24 and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff
25 and its counsel are committed to prosecuting this action vigorously on behalf of the Class and
26 have the financial resources to do so.  Neither Plaintiff nor its counsel has interests that are
27 contrary to or that conflict with those of the proposed Class.

31. <u>Predominance</u>.  Canadian Medical has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

32. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Canadian Medical to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Canadian Medical is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

33. <u>Injunctive and Declaratory Relief is Appropriate</u>.  Canadian Medical has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII.   FIRST CLAIM FOR RELIEF
### (Violations of the Telephone Consumer Protection Act)

34. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35. The foregoing acts and omissions of Canadian Medical and/or its affiliates or agents, and/or other persons or entities acting on Canadian Medical' behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. §227(b)(1)(C), by sending unsolicited advertisements for goods and services via facsimile.

36. As a result of violations of the TCPA, 47 U.S.C. §227(b)(1)(C) by sending unsolicited advertisements for goods and services via facsimile by Canadian Medical and/or its affiliates or agents and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to an award of $500 in damages for each and every violation of the statute or up to $1,500 for each willful or knowing violation pursuant to 47 U.S.C. § 227(b)(3).

37. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Canadian Medical and/or its affiliates, agents, and/or other persons or entities acting on its behalf from sending facsimile advertisements in the future.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Canadian Medical as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by Canadian Medical and/or its affiliates, agents, or related entities violate the TCPA;

E. An order enjoining Canadian Medical and its affiliates, agents and related entities from transmitting facsimile advertisements;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## IX.   DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

1 |    Respectfully submitted,
2
3 | Dated: December 14, 2020      By:    ADAM J SCHWARTZ, ATTORNEY AT LAW
4
5 |                                               Adam J Schwartz (SBN 251831)
6
7 |                                               PARONICH LAW, P.C.

Anthony I. Paronich *(Subject to Admission Pro Hac Vice)*
anthony@paronichlaw.com
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

8

# EXHIBIT 1

Copy of Fax Advertisement (¶ 16)



# Medykits.com

**312-801-4293**
**5% DISCOUNT ON ONLINE ORDERS**
**24/7 LIVE CHAT SUPPORT**
**www.medykits.com**




| | | |
|---|---|---|
| $6.75 | 3-Ply Procedural | (box of 50) |
| $10.3 | 3-Ply Medical | (box of 50) |
| $10.3 | Childrens Masks | (box of 50) |
| $0.72 | KN95 | (Individually packaged) |




| | | |
|---|---|---|
| | Vinyl Examination Gloves | (box of 100) |
| $14.5 | Nitrile Examination Gloves | (box of 100) |




| | | |
|---|---|---|
| $2.40 | Gel Sanitizer | (250 ml bottle) |
| $7.10 | Gel Sanitizer | (1L bottle) |
| $3.20 | Isopropyl Alcohol (70%) | (500ml bottle) |
| $5.60 | Isopropyl Alcohol (99%) | (500ml bottle) |
| $2.40 | Hydrogen Peroxide | (500ml bottle) |



| | | |
|---|---|---|
| $1.12 | Resealable Pouch 20 pcs | (small) |
| $3.12 | Resealable Pouch 50 pcs | (large, 75% alc.) |



| | |
|---|---|
| $36.00 | IR Thermometers |
| $1.50 | Face Shields |
| $1.92 | CPE Gowns (Level 2) |

**ORDER ONLINE**
www.medykits.com

**EMAIL ORDERS**
ORDERS@CANMEDDIST.COM

**ORDER BY PHONE**
312-801-4293

Do not fax list www.medykits.com/pages/do-not-fax